IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 06 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:17cr72WHB-FKB

JOSHUA MICHAEL GARCIA and                  18 U.S.C. §1951
JAMISON LAYNE TOWNSEND                     18 U.S.C. § 924(c)
                                                                       18 U.S.C. § 922(g)(1)

**The Grand Jury Charges:**

COUNT 1

1. At all times relevant to this Indictment, Bill's Coin & Jewelry was engaged in the business of collecting scrap gold and silver to be refined outside the State of Mississippi, and in an industry which affects interstate commerce.

2. On or about December 17, 2016, in Hinds County in the Northern Division of the Southern Division of Mississippi the defendants, **JOSHUA MICHAEL GARCIA and JAMISON LAYNE TOWNSEND,** aided and abetted by each other did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Section 1951, Title 18, United States Code, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Section 1951, Title 18, United States Code, in that the defendants, **GARCIA and TOWNSEND,** did unlawfully take and obtain property consisting of jewelry, coins, and other items from the presence of C.M., R.I. and T.M., against their will by means of actual and threatened force, and fear of injury, immediate and future to

their person who were employed by Bill's Coin Stamp & Jewelry, by entering the business, discharging a firearm and taking jewelry and other items, in violation of Sections 1951 and 2, Title 18, United States Code.

## COUNT 2

On or about December 17, 2016, in Hinds County in the Northern Division of the Southern District of Mississippi, the defendants, **JOSHUA MICHAEL GARCIA and JAMISON LAYNE TOWNSEND**, aided and abetted by each other did knowingly use and carry and brandish and discharge a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: Hobbs Act Robbery, as alleged in Count 1, and in doing so did murder and cause the death of C.M., through the use of a firearm, in violation of Section 924(c)(1)(A) and (j)(1) and Section 2, Title 18, United States Code.

## COUNT 3

On or about December 17, 2016, in Hinds County in the Northern Division of the Southern District of Mississippi, the defendant's, **JOSHUA MICHAEL GARCIA and JAMISON LAYNE TOWNSEND**, aided and abetted by each other did knowingly use and carry and brandish and discharge a firearm, during an in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: Hobbs Act Robbery, as alleged in Count 1, and in doing so did murder and cause the death of R.I., through the use of a firearm, in violation of Section 924(c)(1)(A) and (j)(1) and Section 2, Title 18, United States Code.

## COUNT 4

On or about December 17, 2016, in Hinds County in the Northern Division of the Southern District of Mississippi, the defendants, **JOSHUA MICHAEL GARCIA and JAMISON LAYNE TOWNSEND**, aided and abetted by each other did knowingly use and carry and brandish and discharge a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: Hobbs Act Robbery, as alleged in Count 1, and in doing so did murder and cause the death of T.M., through the use of a firearm, in violation of Section 924(c)(1)(A) and (j)(1) and Section 2, Title 18, United States Code.

## COUNT 5

On or about December 17, 2016, in Hinds County in the Northern Division of the Southern District of Mississippi, the defendant, **JOSHUA MICHAEL GARCIA**, having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce a firearm, in violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

## NOTICE OF SPECIAL FINDINGS-JOSHUA MICHAEL GARCIA

The allegations contained in Counts 1-5 of the indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Counts 2-4, the Defendant, **JOSHUA MICHAEL GARCIA**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. §3591(a));
2. Intentionally killed the victims. (18 U.S.C. §3591(a)(2)(A));
3. Intentionally inflicted serious bodily injury that resulted in the death of the victims. (18 U.S.C. §3591(a)(2)(B)).

3

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and the victims died as a direct result of the act. (18 U.S.C. §3591(a)(2)(C)).

5. Intentionally and specifically engaged in the act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act. (18 U.S.C. §3591(a)(2)(D)).

6. In the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victims of the offense (18 U.S.C. §3592(c)(5)).

7. Committed the offense after substantial planning and premeditation to cause the death of a person(s). (18 U.S.C. §3592 (c)(9)).

8. The victims were particularly vulnerable due to old age, youth or infirmity. (18 U.S.C §3592(c)(11)).

9. Intentionally killed or attempted to kill more than one person in a single episode. (18 U.S.C. §3592 (c)(16)).

## NOTICE OF SPECIAL FINDINGS-JAMISON LAYNE TOWNSEND

The allegations contained in Counts 1-4 of the indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Counts 2-4, the Defendant, **JAMISON LAYNE TOWNSEND**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. §3591(a));

2. Intentionally killed the victims. (18 U.S.C. §3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victims. (18 U.S.C. §3591(a)(2)(B)).

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and the victims died as a direct result of the act. (18 U.S.C. §3591(a)(2)(C)).

5. Intentionally and specifically engaged in the act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act. (18 U.S.C. §3591(a)(2)(D)).

6. In the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victims of the offense. (18 U.S.C. §3592(c)(5)).

7. Committed the offense after substantial planning and premeditation to cause the death of a person(s). (18 U.S.C. §3592 (c)(9)).

8. The victims were particularly vulnerable due to old age, youth or infirmity. (18 U.S.C §3592(c)(11)).

9. Intentionally killed or attempted to kill more than one person in a single episode. (18 U.S.C. §3592 (c)(16)).

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offenses alleged in this indictment:

(1)   Les Baer Custom, Model 45 ACP, .45 caliber pistol, serial number, LB33666;

(2)   Colt .380 caliber pistol, Government Model, serial number AC39572;

(3)   Colt .38 special handgun, serial number C05734;

(4)   Taurus handgun, .45 caliber, serial number NXI17584;

(5)   Taurus handgun PT 945 handgun, serial number NXI1783; and

(6)  **Any ammunition seized.**

Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Sections 924 and 981(a)(1)(C), Title 18, United States Code; Section 2461, Title 28, United States Code.

HAROLD BRITTAIN
Acting United States Attorney

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 6th day of JUNE, 2017.

UNITED STATES MAGISTRATE JUDGE